**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM E. POWELL,

       Plaintiff,

v.                                                                      Case No. 14-13193

MIDLAND NATIONAL LIFE INSURANCE
COMPANY, et al.,

       Defendants.

_____/

**ORDER OF DISMISSAL**

On August 18, 2014, Plaintiff William E. Powell, *pro se*, initiated this action

against Defendants Midland National Life Insurance Company ("Midland") and Selik

Wealth Management, Inc. ("Selik"). On August 27, 2014, after reviewing the complaint,

the court ordered Plaintiff to show cause why this action should not be dismissed for

lack of subject matter jurisdiction. Plaintiff timely filed an Amended Complaint and

Response to Order to Show Cause, but did not satisfactorily assert jurisdiction.

Accordingly, the court will dismiss this action for lack of subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power

authorized by Constitution and statute, which is not to be expanded by judicial decree.

It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v.

Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff

may establish that this court has jurisdiction under 28 U.S.C. § 1331 or under 28 U.S.C.

§ 1332. Section 1331 provides that "[t]he district courts shall have original jurisdiction of

all civil actions arising under the Constitution, laws, or treaties of the United States." 28

U.S.C. § 1331.  Section 1332 provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

In the "Jurisdiction and Venue" section of his Amended Complaint, Plaintiff alleges that the court has jurisdiction under § 1331 because the action arises under 18 U.S.C. § 1964(c).  (Dkt. # 9, Pg. ID 77-78.)  However, the Amended Complaint does not assert any claims arising under § 1964(c) or any other federal statutes.  Section 1964(c) provides, in relevant part, "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court."  18 U.S.C. § 1964.  Section 1962 provides that it is unlawful for a person (a) to use or invest "income derived . . . from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal" to acquire interest in, establish, or operate an enterprise engaged in (or affecting) interstate or foreign  commerce; (b) "through a pattern of racketeering activity or through collection of an unlawful debt[,] to acquire or maintain . . . any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce;" (c)  "to conduct or participate  . . . in the conduct of [the affairs of an enterprise engaged in or affecting interstate or foreign commerce] through a pattern of racketeering activity or collection of unlawful debt;" and (d) "to conspire to violate any of the provisions of . . . this section."  18 U.S.C. § 1962.

The complaint does not allege that defendants engaged in a pattern of racketeering activity or collection of unlawful debts, nor does Plaintiff cite to RICO

2

anywhere other than the "Jurisdiction and Venue" section of the complaint. (Dkt. # 9, Pg. ID 75-83.)  Instead, the complaint appears to assert only claims arising under state laws governing trusts and estates and contracts.  For jurisdiction to lie under § 1331, the complaint must assert claims that arise under federal law; merely adding a citation to a federal statute in the "Jurisdiction and Venue" section of a complaint without asserting any claims that arise under federal law is not sufficient to create federal subject-matter jurisdiction.  The allegations contained in the complaint are a matter of state law and should be asserted in state court.

In his Response to Order to Show Cause, Plaintiff also alleges that the court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and the action is between citizens of different states. (Dkt. # 11, Pg. ID 148.)  For the purposes of § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c). Plaintiff alleges that Midland is incorporated in Iowa and South Dakota and that Selik is incorporated and has its principal place of business in Michigan. (Dkt. # 11, Pg. ID 148.) Plaintiff is a citizen of Michigan. (Dkt. # 9, Pg. ID 75.)  While Plaintiff and Midland have diversity of citizenship, Plaintiff and Selik are both citizens of Michigan.  "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. V. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  Thus, Plaintiff has not established "complete diversity of citizenship" as required for federal subject matter jurisdiction pursuant to § 1332.  *Id.*

Last, Plaintiff asserts that the court has jurisdiction because "a substantial part of the events or omissions giving rise to the claim occurred in this Jurisdictional District." (Dkt. # 11, Pg. ID 149.)  Plaintiff appears to be quoting from 28 U.S.C. § 1391(b)(2), which governs whether venue is appropriate, but does not provide an additional basis for federal subject-matter jurisdiction.

Plaintiff carries the burden for establishing that this court has subject-matter jurisdiction over its action.  *Kokkonen*, 511 U.S. at 377.  Plaintiff failed to meet that burden.  Accordingly,

IT IS ORDERED that this matter is DISMISSED for lack of subject-matter jurisdiction.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2014, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522